IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA ANN ROMANI,

      Plaintiff,

v.                                                                                CIV 18-0637 KBM

ANDREW M. SAUL,[1]
Commissioner of Social
Security Administration,

      Defendant.

# **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Claimant's Motion to Reverse the Administrative Law Judge [sic] (ALJ) Unfavorable Decision Dated May 9, 2017 as Well as the Appeals Council Ruling Dated May 8, 2018: Alternatively Motion to Remand Case Back to the [ALJ] (*Doc. 18*) and memorandum in support (*Doc. 18-1*) filed on November 27, 2018. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 9, 11, 12.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is not well-taken and will be denied.

**I.    Procedural History**

On April 28, 2014, Ms. Barbara Ann Romani (Plaintiff) filed applications with the Social Security Administration for a period of disability and disability insurance benefits under Title II of the Social Security Act (SSA), and for Supplemental Security Income

---

[1] Andrew Saul was confirmed as Commissioner of Social Security on June 17, 2019, therefore is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

under Title XVI of the SSA. Administrative Record[2] (AR) at 212, 214. Plaintiff initially alleged a disability onset date of January 20, 2014, but she later amended that date to October 1, 2014. AR at 11, 45, 212, 214. Disability Determination Services (DDS) determined that Plaintiff was not disabled both initially (AR at 82-83) and on reconsideration (AR at 138-39). Plaintiff requested a hearing with an Administrative Law Judge (ALJ) on the merits of her applications. AR at 158-59.

Both Plaintiff and a vocational expert (VE) testified during the *de novo* hearing. *See* AR at 35-81. ALJ Ben Ballengee issued an unfavorable decision on May 9, 2017. AR at 8-26. Plaintiff submitted a Request for Review of Hearing Decision/Order to the Appeals Council (AR at 148), which the council denied on May 8, 2018 (AR at 1-7). Consequently, the ALJ's decision became the final decision of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II.     Applicable Law and the ALJ's Findings

A claimant seeking disability benefits must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

---

[2] Documents 17-1 through 17-9 contain the sealed Administrative Record. *See Docs. 17-1–17-9.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

The claimant has the burden at the first four steps of the process to show: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) her impairment(s) meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), she is unable to perform her past relevant work. 20 C.F.R §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of her medical impairments." *Ryan v. Colvin*, Civ. 15-0740 KBM, 2016 WL 8230660, at *2 (D.N.M. Sept. 29, 2016) (citing 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); 20 C.F.R. § 404.1545(a)(1)). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that" Plaintiff retains sufficient RFC "to perform work in the national economy, given [her] age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988) (internal citation omitted)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

At Step One of the process,[3] ALJ Ballengee found that Plaintiff "has not engaged in substantial gainful activity since October 1, 2014, the alleged onset date." AR at 13 (citing 20 C.F.R. §§ 404.1571-1576, 416.971-976). At Step Two, the ALJ concluded that Plaintiff "has the following severe impairments: lumbar degenerative disc disease;

---

[3] ALJ Ballengee first found that Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2018." AR at 13.

3

myofascial pain syndrome; scoliosis or possible spinal asymmetry; cervical degenerative disc disease; and syncope of unknown etiology, possibly due to orthostatic hypotension cause by use of diuretic medicines." AR at 14 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). The ALJ noted that Plaintiff has the following non-severe impairments: recurrent arrhythmias and diverticulitis. AR at 14.

At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." AR at 14 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). At Step Four, the ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to produce the . . . alleged symptoms[,]" Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record . . . ." AR at 17. The ALJ considered the evidence of record and found that Plaintiff

> has the [RFC] to occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She should never be exposed to unprotected heights; moving mechanical parts; or operation of a motor vehicle. She can occasionally be exposed to extreme cold and vibration. She can lift, carry, push, or pull 10 pounds occasionally and less than 10 pounds frequently. She can sit for up to 6 hours, and stand and/or walk for up to 2 hours, in an 8-hour workday. I find that these limitations represent a limited range of work at the sedentary exertional level as defined at 20 [C.F.R §§] 404.1567, . . . 416.927, and SSR 83-10.

AR at 15. ALJ Ballengee found that Plaintiff "is capable of performing past relevant work as a radio dispatcher." AR at 19 (citing 20 C.F.R. §§ 404.1565, 416.965). The ALJ ultimately determined that Plaintiff "has not been under a disability, as defined in the

4

Social Security Act, from October 1, 2014, through the date of [the ALJ's] decision." AR at 19 (citing 20 C.F.R. §§ 404.1520(f), 416.920(f)).

## III. Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (internal citation omitted)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172 (internal quotation omitted)). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (internal quotation omitted) (alteration in original)). The Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks and quotations omitted)).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even

though the court would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)).

## IV. Discussion

Plaintiff raises two issues in her motion. She argues that (1) the Appeals Council erred in failing to consider new evidence, and (2) that the ALJ's decision was not supported by substantial evidence. *See Doc. 18-1* at 2-4.

Before turning to the issues, the Court notes that Plaintiff's briefs were inadequately written to establish a basis for remand. *See Docs. 18-1*; *22*. The argument section in support of her motion is roughly two single-spaced pages in length. *See Doc. 18-1* at 2-4.[4] In these two pages, Plaintiff fails to cite any authority relevant to her claims of error and barely cites to the record in support of her argument that the ALJ's decision was not supported by substantial evidence. *See id.* In her reply brief, Plaintiff submits approximately two single-spaced pages summarizing the record evidence. *See Doc. 22* at 1-3. She references 16 separate records in a 995-page Administrative Record and only cites one of them; otherwise, the Court is left to hunt for her references. *See id.* In the argument section of the reply, she cites to a single case from the Ninth Circuit and then indicates that that "[t]he Tenth Circuit has provided similar elaboration." *Id.* at 4. Yet she identifies no such authority from the Tenth Circuit or even from this District. *See id.* at 3–5.

---

[4] Counsel for Plaintiff is cautioned to review our District's Local Rules and comply with all of them. *See e.g.,* D.N.M.LR-Civ. 7.4(e) ("Notice of Completion. Upon completion of briefing, the movant must file a notice certifying that the motion is ready for decision and identifying the motion and all related filings by date of filing and docket number") and D.N.M.LR-Civ.10.1 ("Except for footnotes and quotations, the text of all documents must be double spaced").

6

In its Order Setting Briefing Schedule, the Court expressly instructed the parties that "[a]ll supporting memoranda filed pursuant to [the Order] **shall cite the transcript or record in support of assertions of fact and shall cite authority in support of propositions of law** . . . ." *Doc.16* (emphasis added). Plaintiff largely failed to heed this instruction and has wasted valuable judicial resources by forcing the Court to spend its time researching relevant caselaw that should have been presented in Plaintiff's memorandum. Plaintiff's counsel, Mr. Jaime Rubin, would be well advised to put more effort into crafting briefs for future clients.

### A. The Appeals Council did not err in declining to incorporate the new evidence.

Plaintiff contends, without citation to any supporting authority, that the Appeals Council erred when it declined to consider evidence submitted after the ALJ had already denied her claim. *See Doc. 18-1* at 2; *see also* AR at 2, 32-34. The new evidence consists of a June 29, 2017 treatment note from Dr. William Adkins, Plaintiff's primary care physician. *See* AR at 32-34. The Appeals Council stated: "You submitted medical evidence from William Adkins, M.D. dated June 29, 2017 (3 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. Therefore, we did not consider and exhibit this evidence." AR at 2.

In her memorandum, Plaintiff argues that the new treatment record "is directly related to" her impairments of lumbar degenerative disc disease, myofascial pain syndrome, scoliosis or possible spinal symmetry, cervical degenerative disc disease, and syncope of unknown etiology. *Doc. 18-1* at 2. Plaintiff does not elaborate beyond pointing to a note in that treatment record that says her "history of chronic pain and

7

frequent episodes of syncope and presyncope over the last six months . . . has progressively worsened leading to significant debility." *Id.* (capitalization omitted); *see also* AR at 33.

The Commissioner responds at length and cites to *Vallejo v. Berryhill* (*Vallejo I*), 849 F.3d 951, 956 (10th Cir. 2017) and *Vallejo v. Berryhill* (*Vallejo II*), 762 F. App'x 532 (10th Cir. 2019). *See Doc. 21* at 18-21. The Commissioner contends that because "the Appeals Council found that there was not a reasonable probability that Dr. Adkins's June 2017 treatment note would change the outcome of the ALJ's decision[,]" the Court must now "determine whether [the new evidence] renders the ALJ's decision unsupported by substantial evidence . . . 'by assessing the entire agency record . . . .'" *id.* at 18 (citing AR at 2; quoting *Vallejo I*, 849 F.3d at 956). The Court finds that this case is distinguishable from *Vallejo*.

In *Vallejo*, the ALJ denied SSI benefits, and the plaintiff submitted a new mental RFC evaluation (dated one day after the ALJ's decision) to the Appeals Council with her request for review. *See Vallejo II*, 762 F. App'x at 533. "The Appeals Council accepted [the mental RFC evaluation] into the record without explanation and denied review." *Id.* The plaintiff then moved for reversal or remand to the district court, in part based on her argument "that the Appeals Council erred in not properly articulating its assessment of [the evaluation] in denying [her] request for review." *See id.* at 533-34 (quoting *Vallejo I*, 849 F.3d at 953). The district court "remanded for the Appeals Council either to determine what weight to give to [the] opinion or to remand for the ALJ to make that determination." *See id.* at 534 (citing *Vallejo I*, 849 F.3d at 953). The Tenth Circuit reversed, "explain[ing] that the Appeals Council is not required to expressly analyze

8

new evidence when it denies review[,]" but "only to consider the new evidence—and a conclusory statement that it has done so is sufficient." *Id.* (quoting *Vallejo I*, 849 F.3d at 955 (internal quotation marks omitted)). Because the Appeals Council in *Vallejo* had accepted the opinion into the record, the district court was required "to conduct a substantial-evidence review by assessing the entire agency record, including" the new opinion, to determine whether the augmented record "support[ed] the Commissioner's final decision." *Id.* (quoting *Vallejo I*, 849 F.3d at 956).

The *Vallejo* framework is inapposite, because here, the Appeals Council found the new evidence was not material and declined to incorporate it into the Administrative Record as an exhibit. *See* AR at 2. The relevant regulations provide that the Appeals Council must "consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision.'" *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (quoting *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995); citing *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994)); *see also* 20 C.F.R. §§ 404.970(b), 416.1585(b).

It is only "[i]f the Appeals Council fails to consider *qualifying* new evidence" that the Court should remand the case for further proceedings. *Id.* (emphasis added) (citation omitted). Whether the new treatment record "qualif[ies] as new, material, and chronologically pertinent is a question of law subject to [the Court's] *de novo* review." *Id.* (citation omitted). "Evidence is new within the meaning of [404.970(b)] if it is not duplicative or cumulative." *Id.* (quoting *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)). Plaintiff's evidence of the June 2017 treatment

record is new, as it "was not available to the ALJ at the time he made his decision, and is thus neither duplicative [n]or cumulative." *See id.*

The evidence is not, however, material. "Evidence is material to the determination of disability if there is a reasonable possibility that [it] would have changed the outcome." *Id.* (quotation marks and citation omitted). Plaintiff argues that the evidence is material because it is related to her impairments and shows that her "chronic pain and frequent episodes of syncope and presyncope over the last six months . . . has [sic] progressively worsened leading to significant debility." *Doc. 18-1* at 2 (quoting AR at 33 (capitalization omitted)). As the Commissioner points out, however, this note comes from the "History of Present Illness" (HPI) section of the treatment record. *See Doc. 21* at 19. The HPI "section of the provider's treatment notes actually contains Plaintiff's own language, not a doctor's medical diagnosis or observation." *Wren v. Berryhill*, No. CIV 17-0633 KBM, 2018 WL 3801238, at *4 (D.N.M. Aug. 8, 2018) (citation omitted); *see also Gonzales v. Berryhill*, No. CIV 17-0601 KBM, 2018 WL 4688312, at *9 (D.N.M. Sept. 28, 2018). "A medical provider completes this section by giving the patient 'the opportunity to describe [her] symptoms in [her] own words.'" *Id.* (quoting *Taber's Cyclopedic Med. Dictionary* 1135 (22d ed. 2013); citing Univ. of Cal., San Diego, *History of Present Illness*, https://meded.ucsd.edu/clinicalmed/history.htm).

Moreover, the Commissioner maintains, if this note did represent Dr. Adkins's own assessment, it would be inconsistent with his other treatment records. *Doc. 21* at 20. The Court agrees. There are four office visits with Dr. Adkins in the record prior to June 2017. *See* AR at 960-63 (July 29, 2016 visit), 964-68 (Oct. 22, 2016 visit), 969-71 (Nov. 5, 2016 visit), 972-75 (Dec. 16, 2016 visit). The only mention of syncope (fainting)

10

in these records is in the "Problems" section, where Dr. Adkins twice noted that syncope was last addressed October 31, 2014. *See* AR at 960, 973. Further, the new record is not, as Plaintiff asserts, a "medical opinion" entitled to controlling weight. *See Doc. 22* at 1. "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." *Aguilar v. Berryhill*, No. CV 17-0003 KBM, 2018 WL 1175080, at *4 (D.N.M. Mar. 5, 2018) (quoting 20 C.F.R. § 404.1527(a)(1)). Plaintiff simply submitted a treatment record from an office visit. There is no new *medical opinion* entitled to controlling weight, despite Plaintiff's late assertion to the contrary. *See Doc. 22* at 1, 3-4 (discussing *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) to support her contention that the Court should give the late "opinion" controlling weight); *see also White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017) (finding that litigant waived an issue "by waiting to present it for the first time in his reply brief") (citation omitted).

Ultimately, the Court finds that the new treatment record is not material, because it does not "reasonably call[] into question the disposition of the case in light of the ALJ's determination that" Plaintiff is not disabled based on a finding that the "medical records document only one episode [of syncope] on October 16, 2014." *See* AR at 18. Even if the ALJ had access to the new treatment record, the record is based on the Plaintiff's self-report of worsening syncope, and there is no other objective medical evidence in the record. Therefore, the Court will deny Plaintiff's motion on this issue.

### B. The ALJ's decision was supported by substantial evidence.

Plaintiff next argues that even without the new treatment record, the ALJ's decision should be reversed because it was not supported by substantial evidence. *Doc. 18-1* at 3. Plaintiff references two treatment records to support her argument. First, she notes that while the ALJ "briefly mentioned" a May 16, 2014 visit with the Las Cruces Orthopaedic Associates (LCOA), he failed to discuss the LCOA diagnoses of (1) lumbar spondylosis, multiple levels of degenerative disc disease; (2) transitional anatomy; (3) listhesis; and (4) degenerative scoliosis. *See id.*; *see also* AR at 464-65. The ALJ did mention this visit. *See* AR at 17. He noted:

> In May 2014, [Plaintiff] was seen at an orthopedic clinic complaining of low and mid back pain for about 4 months, since moving 70 pound tires at work. She was sent for an MRI scan of her lumbar spine, which was performed on June 11, 2014 and showed moderate scoliosis, mild degenerative discopathy and spondylosis throughout the lumbar spine, and an annular bulge at L3-L4 causing mild central canal stenosis and moderate right foraminal narrowing, potentially impinging on the exiting right L3 nerve root.

AR at 17 (citing AR at 455, 462).

Plaintiff also contends that the ALJ disregarded diagnoses of (1) deformity of the spine; (2) cervical spondylosis with radiculopathy; and (3) lumbosacral spondylosis with radiculopathy from an April 13, 2015 office visit with Dr. Fernando Ravessoud, MD "on the basis that [she] had obtained relief from her pain by receiving an epidural injection" but "failed to note that such relief was <u>temporary</u> in nature." *See Doc. 18-1* at 3; *see also* AR at 689-90. She buttresses this argument by referencing her hearing testimony, where she detailed her constant pain and resulting impairments (*see Doc. 18-1* at 3; AR at 35-81), and other treatment records that show she experienced only temporary relief from her back pain (*see Doc. 22* at 1-2). The ALJ recognized, however, that Plaintiff

continued to complain of back pain in between injections. *See* AR at 17 (noting that Plaintiff experienced "almost complete relief of pain" in June 2015 (citing AR at 687), but complained again of continued pain in July 2016 (citing AR at 912)).

Plaintiff's reference to her testimony and to treatment records is insufficient to establish that the ALJ's decision is not supported by substantial evidence. The ALJ adequately discussed the records to which Plaintiff refers, Plaintiff's continued complaints of pain, and her "conservative treatment" for these impairments. *See* AR at 17-19. The ALJ did not err in declining to specifically discuss the four diagnoses from the LCOA. "There is obviously no requirement that the ALJ reference everything in the administrative record." *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010) (citation omitted). Moreover, even if the Court would "have made a different choice had the matter been before it de novo[,]" (which it would not have in this case), it "may not displace the agenc[y's] choice between two fairly conflicting views . . . ." *Lax*, 489 F.3d at 1084 (internal quotation marks and citation omitted). The Court will deny Plaintiff's motion on this issue.

## V. Conclusion

Plaintiff has failed to show that the Appeals Council erred in declining to incorporate a newly-submitted treatment record, or that the ALJ's decision was not supported by substantial evidence.

Wherefore,

**IT IS ORDERED** that Claimant's Motion to Reverse the Administrative Law Judge (ALJ) Unfavorable Decision Dated May 9, 2017 as Well as the Appeals Council Ruling Dated May 8, 2018: Alternatively Motion to Remand Case Back to the [ALJ]

(*Doc. 18*) is **DENIED**. A final order pursuant to Rule 58 of the Federal Rules of Civil Procedure will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent